UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ronald Banks Mayhew, Plaintiff, | **C/A:** 2:14-24-RMG-BM |
| vs. | **REPORT AND RECOMMENDATION** |
| Judge Patrick Michael Duffy, Defendant. | |

Plaintiff, Ronald Banks Mayhew (Plaintiff"), proceeding *pro se*, brings this civil rights action against defendant Judge Patrick Michael Duffy, seeking injunctive and, possibly, monetary relief. Plaintiff paid the full $400 filing and administrative fee. *See* Receipt No. SCX200011017 (DSC). Although Plaintiff is not proceeding *in forma pauperis*, this filing is subject to review pursuant to the inherent authority of this Court to ensure that a plaintiff has standing; that subject matter jurisdiction exists; and that a case is not frivolous.[1] *See Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000); *see also Pillay v. INS*,

[1] The undersigned is not conducting an initial review pursuant to 28 U.S.C. § 1915(e)(2) because Plaintiff has paid the filing fee. Pre-screening under 28 U.S.C. § 1915 is inapplicable in *pro se*, non-prisoner, fee-paid cases. *See Bardes v. Magera*, C/A No. 2:08-487-PMD-RSC, 2008 WL 2627134 at *8–10 (D.S.C. June 25, 2008) (finding persuasive the Sixth Circuit's opinion in *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999), that § 1915(e)(2) is inapplicable to actions that are not pursued *in forma pauperis*); *Key v. U.S. Dep't of Transp.*, No. 2:01-CV-3076-18RB (D.S.C. Dec. 7, 2001 Order) (finding that a *pro se*, non-prisoner plaintiff has to invoke § 1915 before pre-screening under § 1915 applies to the case).



45 F.3d 14, 16–17 (2d Cir. 1995) (noting that although 28 U.S.C. § 1915(d) was not applicable where a *pro se* party filed an appeal and paid the filing fee, the court had "inherent authority, wholly aside from any statutory warrant, to dismiss an appeal or petition for review as frivolous").

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Nonetheless, the requirement of liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).



Discussion

Plaintiff states that Heyward H. Duffy "worked for" Ceres Marine Terminals, one of the defendants in *John R. Mayhew v. ILA Local 1771*, C/A No. 2:11-3226-PMD (hereafter, C/A No. 11-3226). (ECF No. 1 at 3.) Plaintiff "belie[ves]" that Heyward Duffy is the nephew of Defendant Judge Duffy, and that all of the defendants in C/A No. 11-3226 "knew of this relationship from the outset." (ECF No. 1 at 4.) Plaintiff contends that Judge Duffy erred in finding for the defendants in C/A No. 11-3226, and that his ruling "lacks the appearance of impartiality." (ECF No. 1 at 5.) He asks that Judge Duffy vacate his findings in C/A No. 11-3226 and "allow" that case "to move forward to a jury trial." (ECF No. 1 at 6.) Plaintiff also asks for an award of damages "to the Plaintiff in the amount that the Court may deem proper and just" (*id.*), but there is no indication whether he is referring to himself or to John Mayhew, as he refers to "the Plaintiff" interchangeably. For the reasons set forth hereinbelow, Plaintiff's claims are without merit, and should be dismissed.

First, to the extent that Plaintiff seeks to have the case "re-opened," there is no indication that Plaintiff herein was a even party in C/A No. 11-3226. *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)[a federal court may take judicial notice of the contents of its own records]. Hence, he lacks standing to seek this relief. *Cf. Ratner v. Bakery and Confectionery Workers Intern. Union of America*, 394 F.2d 780, 781-782 (D.C.Cir. 1968). Further, even if he had been a party in that case, Plaintiff would be time-barred from pursuing any appeal, as the final order was entered therein on July 23, 2012. *See* Fed. R. App. P. 4(a).

Given Plaintiff's *pro se* status, the Court could liberally construe the Complaint as one seeking injunctive relief (re-trial of C/A No. 11-3226) on a claim pursuant to the *Bivens*



Doctrine,[2] for implied, but not specifically alleged, constitutional violations by Judge Duffy in connection with his rulings in C/A No. 11-3226. Any such claim, however, would be barred by the doctrine of judicial immunity, which provides absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction."); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); *see also Siegert v. Gilley*, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); *Burns v. Reed*, 500 U.S. 478 (1991) (safeguards built into the judicial system tend to reduce the need for private damages actions as a means of controlling unconstitutional conduct); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

As it is clear that Plaintiff's allegations of wrongdoing by Judge Duffy all go to the manner in which he performed his judicial functions in connection with C/A No. 11-3226, none of

---

[2]*See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). In Bivens, the Supreme Court established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983; federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of state law. *Harlow v. Fitzgerald*, 457 U.S. 800, 814–20 (1982). However, in considering such a claim, case law involving § 1983 claims is applicable in *Bivens* actions and vice versa. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985).



8/ p4

those allegations are actionable in light of the above legal standards, and the Complaint is subject to summary dismissal.

Recommendation

Accordingly, it is recommended that the Court summarily dismiss the above-captioned case without prejudice. *See Fitzgerald*, 221 F.3d at 363–64.

Bristow Marchant
United States Magistrate Judge

January 22, 2014
Charleston, South Carolina

***Plaintiff's attention is directed to the important notice on the next page.***





**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).